IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | Chapter 13 |
| | ) | |
| Cheryl Hartsfield, | ) | No.  23-12156 |
| | ) | |
| | ) | |
| | ) | |
| Debtor. | ) | Judge Timothy A. Barnes |

**FNA 2018-1, LLC, U.S. BANK NATIONAL ASSOCIATION, AS INDENTURE
TRUSTEE'S OBJECTION TO CONFIRMATION OF CHAPER 13 PLAN FILED ON
SEPTEMBER 13, 2023 (DOCKET 2)**

NOW COMES, FNA 2018-1, LLC, U.S. Bank National Association, as Indenture
Trustee, by their attorney, Paul M. Bach of Bach Law Offices, Inc. and Objects to Confirmation
of the Chapter 13 Plan filed on September 13, 2023 as to 836 Central Ave., Matteson, IL/31-20-
205-017-0000 ("the property") and states as follows:

1. This case is currently pending before this court as a result of a voluntary petition for relief
   filed by the Debtor under Chapter 13 of the United States Bankruptcy Code on September
   13, 2023.

2. The Debtor listed on Schedule A of her Bankruptcy Schedules an ownership interest in
   the real estate commonly known 836 Central Ave., Matteson, IL/31-20-205-017-0000.

   **The Tax Sale**

3. The real property in question is located at 836 Central Ave., Matteson, IL/31-20-205-
   017-0000 (the "property").

4. Prior to Debtor's bankruptcy filing, the Debtor failed to pay the property taxes owing to
   Cook County for the Property for the 2014 tax year (the "2014 Taxes").

1

5.  On May 6, 2016, Elm Limited LLC purchased the delinquent 2014 Taxes at the Cook

County Collector's annual tax sale (the "Tax Sale") and received a Certificate of

Purchase (the "Certificate") to memorialize the Tax Sale.  On April 13, 2018, Elm

Limited LLC assigned the Certificate to FNA 2018-1, LLC, U.S. Bank National

Association, as Indenture Trustee.  *A copy of the Certificate is attached as an exhibit.*

6.  The amount of the Tax sale was $7,872.91 which includes statutory interest on the 2014

Taxes and selling fees.

7.  Upon purchasing the 2014 Taxes, FNA 2018-1, LLC, U.S. Bank National Association, as

Indenture Trustee would have obtained a tax lien secured by the Property if the Debtor

provided proper notice.  See 735 ILCS 200/21-75; *In re Lamont*, 740 F.3d 397, 404 (7th

Cir. 2014) (noting that purchasers of delinquent taxes hold tax liens under Illinois law).

8.  Pursuant to 35 ILCS 200/21-350, the Debtor or any other person with an interest in the

Property was entitled to redeem the 2014 tax sale by paying the tax sale amount plus

interest, all Subsequent Taxes paid by FNA 2018-1, LLC, U.S. Bank National

Association, as Indenture Trustee plus interest and various costs and fees at any time (the

"Tax Claim") by May 24, 2019 (the "Redemption Period").

9.  Neither the Debtor nor any other party timely exercised its respective right to redeem the

2014 Taxes.

**The Bankruptcy Case and the Chapter 13 Plan**

10. As stated above, on September 13, 2023, the Debtor filed the above-captioned chapter 13

case (the "Case").

2

11. On September 13, 2023, the Debtor filed a Chapter 13 Plan (which is not yet confirmed) which does not adequately provide for FNA 2018-1, LLC, U.S. Bank National Association, as Indenture Trustee and is not confirmable as a matter of law.

12. Besides FNA 2018-1, LLC, U.S. Bank National Association, as Indenture Trustee, the Debtor has estimated unsecured nonpriority claims to date totaling $10,869.93 (non-governmental claim bar date is June 27, 2023).  The Debtor states that the value of the property is $257,900.00 and FNA 2018-1, LLC, U.S. Bank National Association, as Indenture Trustee accepts that value.  With the equity involved all creditors including FNA 2018-1, LLC, U.S. Bank National Association, as Indenture Trustee's unsecured non-priority claim must be paid in full in the Debtor's Chapter 13 Plan.

13. The Plan does provide for FNA 2018-1, LLC, U.S. Bank National Association, as Indenture Trustee in Section 3.2 of the Chapter 13 Plan in the amount of $14,032.08 at 18% with a set payment of $356.32.  The secured claim listed in the Chapter 13 Plan in Section 3.2 should list FNA 2018-1, LLC, U.S. Bank National Association, as Indenture Trustee and should be corrected to $78,221.71 plus 18%.  The rate of interest should be 18% pursuant to 11 USC 511 and 35 ILCS 200/21-15 as the amount claimed by FNA 2018-1, LLC, U.S. Bank National Association, as Indenture Trustee continues to delinquent as it has not been paid by the property owner.  When taxes are not paid by the due date those taxes are delinquent See *In Re Tracy Drake*, 21 B 4903 (February 23, 2022)(J.Cleary)(Bankr.N.D.Ill.2022).

14. On September 19, 2023, FNA 2018-1, LLC, U.S. Bank National Association, as Indenture Trustee filed proof of claim 1-1 for $257,900.00 of which $78,221.71 was secured and $78,221.71 was unsecured nonpriority (Proof of Claim 1-1).  The Debtor has

not objected to Proof of Claim 1-1 and pursuant to Federal Rule of Bankruptcy Procedure 3001(f), "A proof of claim executed and filed in accordance with these rules shall constitute prima facie evidence of the validity and amount of the claim."

15. As a result, and based on the passing of the redemption deadline many months ago, Judge Schmetterer's opinion *In Re Thomas Thompson*, 19 B 6176 (Docket 106 & 108), this court's opinion in *In Re Christine Woodruff*, 17 B 18780 (April 30, 2019) and Judge Goldgar's opinion in *In Re Watkins*, 19 B 18824 (Docket 76)(January 23, 2020) apply and the Proof of Claim of FNA 2018-1, LLC, U.S. Bank National Association, as Indenture Trustee must be paid in full (both secured and unsecured portions).

16. Based on the fair market value of $257,900.00 the proposed Plan violates the Best Interest of Creditors test.  This is a result of the fact that $257,900.00 - $78,221.71 (secured claim of FNA 2018-1, LLC, U.S. Bank National Association, as Indenture Trustee) equals $178,678.29.  This means that $179,678.29 must be paid to unsecured creditors and the Debtor's Chapter 13 Plan must provide for payment of 100 percent of this amount in Section 5.1.  As a result, the current Chapter 13 Plan violates 11 USC 1322(a)(4) and renders the Chapter 13 Plan not confirmable.

17. It should be noted that the Debtor has stated that approximately $28,000.00 was paid to Cook County during the last Chapter 13 case.  The Debtor has also indicated an intention to file a Motion to Compel Cook County to pay these funds to the Chapter 13 Trustee.  FNA would likely support such a Motion.  Such funds could be taken into effect in a Modified Chapter 13 Plan.  However, these funds would not reduce the secured claim of FNA but only provide additional funds to pay the unsecured and secured claims of FNA.

18. The future real estate taxes are provided on Schedule J to pay the 2022 taxes due in 2023

4

and future years at the rate of $300.00 per month.  However, based on the 2022 assessed taxes this amount must be at least $500.00 per month.  The Debtor has a history of poor budgeting causing the real estate taxes not to be paid.  As a result, the future real estate funds should be segregated from the Debtor and an Order Conditioning the Automatic Stay entered by the Court requiring the payment of future real estate taxes and Chapter 13 Trustee payments.

19. The Plan does not comport with FNA 2018-1, LLC, U.S. Bank National Association, as Indenture Trustee's Proof of Claim (1-1).

20. FNA 2018-1, LLC, U.S. Bank National Association, as Indenture Trustee is a secured creditor of the Debtor, *Lamont*, 740 F.3d 397, 404, and FNA 2018-1, LLC, U.S. Bank National Association, as Indenture Trustee does not consent to confirmation of the Plan. FNA 2018-1, LLC, U.S. Bank National Association, as Indenture Trustee is thus entitled to payments under the Plan that equals "the value, as of the effective date of the plan, of property to be distributed under the Plan" in an amount "not less than the allowed amount of such claim." 11 U.S.C. § 1325(a)(5)(B). To the extent that the Debtor intends to pay off the Secured Claim held by FNA 2018-1, LLC, U.S. Bank National Association, as Indenture Trustee, the payments under the Plan must be paid to FNA 2018-1, LLC, U.S. Bank National Association, as Indenture Trustee and other secured creditors in an amount equal to the amount of the Secured Claim plus interest. 11 U.S.C. § 1325(a)(5)(b).

21. In *In re Christine Woodruff*, 17 B 18780 (April 30, 2019)(Bankr.N.D.Ill.2019) this court stated in the Synopsis:

The tax purchaser has a perfected *in rem* claim for the statutory redemption amount that exists irrespective of whether the redemption period has passed. That claim is allowed as a secured claim in the amount asserted by the tax purchaser. The tax purchaser also has a contingent, unperfected *in rem* claim for the fair market value of the property in question

5

that exists irrespective of whether the redemption period has passed. The court estimates for the purpose of allowance that this unperfected *in rem* claim is in the amount asserted by the tax purchaser, the property's full fair market value as of the petition date, less that amount of perfected *in rem* claim for the redemption amount. Such unperfected *in rem* interest is, however, unsecured, by operation of 11 U.S.C. § 506(a) and because it is subject to the trustee's avoidance power as a hypothetical lien creditor.

Illinois law provides that a tax purchaser is entitled to receive a tax deed to the property after the redemption period has expired.  The value of the unsecured nonpriority claim of FNA 2018-1, LLC, U.S. Bank National Association, as Indenture Trustee is thus the value of the Property, which FNA 2018-1, LLC, U.S. Bank National Association, as Indenture Trustee asserts is $257,900.00.   There is no question of the likelihood of FNA 2018-1, LLC, U.S. Bank National Association, as Indenture Trustee obtaining a Tax Deed.

22. The secured and unsecured claim of FNA 2018-1, LLC, U.S. Bank National Association, as Indenture Trustee renders the Chapter 13 Plan filed on September 13, 2022 infeasible. In order to be facially feasible any Chapter 13 Plan would need to pay the secured claim of FNA 2018-1, LLC, U.S. Bank National Association, as Indenture Trustee in full plus interest and pay the unsecured claim in full as well as required by 11 USC 1325(a)(4).

23. 11 USC 1325(a)(4) otherwise known as the "Best Interest of Creditors Test" requires that a proposed Chapter 13 Plan must pay a creditor what would be paid in a Chapter 7 case within sixty months.  In a Chapter 7 case, both the secured claim and the unsecured claim would be paid in full.  As a result, the Chapter 13 Plan filed on September 13, 2023 fails 11 USC 1325(a)(4) and is not confirmable.

24. The Debtor's budget as a result is infeasible.

25. One of the elements of confirmation that the Debtor must prove under 11 USC 1325 to confirm a plan is under section 6, which requires the court to find that, "the debtor will be

able to make all payments under the plan and to comply with the plan." Based on these

facts and feasibility issues raised above raises the questionable ability of the Debtor to

make the Plan payments and make ongoing real estate tax payments to Cook County

timely making confirmation impossible. *See 11 USC 1325(a)(6).*

26. Schedule J has an impossible barebones budget with budget items completely

underfunded.  As a result of the above, the plan is not feasible and FNA 2018-1, LLC,

U.S. Bank National Association, as Indenture Trustee objects.

27. Under the reasoning set forth above, the Court must deny confirmation of the Chapter 13

Plan filed on September 13, 2023.

28. That the Debtor's plan, as filed on September 13, 2023, improperly attempts to modify

the rights of FNA 2018-1, LLC, U.S. Bank National Association, as Indenture Trustee.

FNA 2018-1, LLC, U.S. Bank National Association, as Indenture Trustee objects to the

Debtor's Chapter 13 Plan filed September 13, 2023 for the reasons stated above and as

follows:

a.      The secured claim in Section 3.2 of the Chapter 13 Plan dated should provide for

FNA 2018-1, LLC, U.S. Bank National Association, as Indenture Trustee in the amount of

$78,221.71 at 18%;

b.      The Plan is also not confirmable based the failure to have sufficient amount to pay

post-petition taxes and to specifically require the Debtor to pay post-petition Real Estate Taxes

when these become due in later years;

c.      The Payment of future Real Estate Taxes is not provided for in the Plan and the

amount to pay this amount should be deposited into an account controlled by a Third Party such

as FNA 2018-1, LLC, U.S. Bank National Association, as Indenture Trustee. to assure that funds

for Real Estate Taxes are actually paid on a monthly basis;

      d.    A default order should be required to make sure the Debtor makes payments monthly to and taxes escrow and to the Chapter 13 Trustee; and

      e.    Other items referred to above

WHEREFORE, FNA 2018-1, LLC, U.S. Bank National Association, as Indenture Trustee, asks this Honorable Court to enter an order denying confirmation of the Debtor's Chapter 13 Plan filed September 13, 2023 and further relief as is just and equitable.

                Respectfully Submitted,

                FNA 2018-1, LLC, U.S. Bank
                National Association, as Indenture Trustee
                BY:/s/Paul M. Bach

Paul M. Bach
Bach Law Offices, Inc.
P.O. Box 1285
Northbrook, Illinois 60062
847 564 0808