IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In Re: | ) | Case No. 23-12156 |
| | ) | |
| Cheryl L. Hartsfield | ) | Chapter 13 |
| | ) | |
| Debtor | ) | Judge:   Timothy A. Barnes |

**RESPONSE TO FNA 2018-1, LLC, U.S. BANK NATIONAL ASSOCIATION, AS INDENTURE TRUSTEE'S OBJECTION TO CONFIRMATION OF CHAPER 13 PLAN**

NOW COMES the Debtor, Cheryl L. Hartsfield, by and through her attorneys, Cutler & Associates Ltd. and submits her Response to FNA 2018-1 LLC, U.S. Bank National Association, as Indenture Trustee's objection to confirmation of Debtor's Chapter 13 Plan and states and alleges as follows:

1. That the Debtor filed a petition for relief pursuant to Chapter 13 of Title 11 United States Code on September 13, 2023.

2. That the Debtor's case is pending confirmation with terms of $744 per month for 60 months with unsecured creditors to receive 100% of their allowed unsecured claims.

3. That the Debtor is the owner of the property commonly known as 836 Central Ave., Matteson, IL 60443 with a PIN of 31-20-205-017-0000, and that the Debtor asserts that the value of the property is $257,900.

4. That on May 6, 2016, Elm Limited LLC purchased Debtor's delinquent 2014 Taxes, receiving a Certificate of Purchase for the same, and on April 13, 2018 Elm Limited LLC assigned the Certificate to FNA 2018-1 LLC, U.S. Bank National Association.

5. That neither the Debtor nor any other party timely exercised the right to redeem the 2014 taxes between the date of Elm Limited LLC's purchase of Debtor's delinquent 2014 taxes and

the expiration date of the redemption period.

6. That on October 6, 2023, FNA 2018-1 LLC, U.S. Bank National Association filed "As Indentured Trustee's Objection to Confirmation of Chapter 13 Plan Filed on September 13, 2023 (Docket 2) [hereinafter 'Objection']".

7. That the grounds for the Objection are that the secured and unsecured debts and future real estate taxes taken together render the plan unfeasible.

8. That the secured and unsecured debts identified and the real estate tax payment in the Objection include:

   a. a secured claim of $78,221.71 to FNA 2018-1 LLC, U.S. Bank National Association, Claim 1.

   b. an *in rem* unsecured claim of $179,678.29 to FNA 2018-1 LLC, U.S. Bank National Association, Claim 1.

   c. estimated additional unsecured non-priority claims totaling $10,869.93, and

   d. future real estate taxes of approximately $500/month.

9. That regarding FNA 2018-1 LLC, U.S. Bank National Association's secured claim of $78, 221.71, Debtor filed an Objection to FNA 2018-1 LLC, U.S. Bank National Association's Claim 1 of $257,000.

10. That the grounds of Debtor's Objection to FNA 2018-1 LLC, U.S. Bank National Association's Claim 1 were that, in order to propose a repayment plan for her creditors, Debtor needed and still needs an accurate amount of the real estate taxes due, as it currently is unclear what Debtor owes.

11. That the reason that the accurate amount of the real estate taxes due is unclear is because on September 25, 2023, the Cook County Treasurer's Office filed a Proof of Claim, alleging a

secured amount of $66,234.56 for the same delinquent real estate taxes that appear in the Proof of Claim submitted by FNA 2018-1 LLC, U.S. Bank National Association.  (See Exhibit A).

12. That the Debtor has applied for and has been pre-approved for assistance through the Illinois Housing Development Authority for tax years 2019 through the first installment of 2022.

13. That FNA 2018-1 LLC: U.S. Bank National Association's *in rem* claim must not prevail even though FNA 2018-1 LLC: U.S. Bank National Association has filed a Certificate of Purchase for the real estate located at 836 Central Ave., Matteson, IL.  (See Exhibit B).

14. That FNA 2018-1 LLC: U.S. Bank National Association's *in rem* claim must not prevail because the Cook County Treasurer's Office Proof of Claim filed on September 25, 2023, includes a Claim Itemization for Tax Years Contingent on Sale in Error.

15. That the Claim Itemization for Tax Years Contingent on Sale in Error refers to 35 ILCS 200/21-310.

16. That 35 ILCS 200/21-310 states the following:

"When, upon application of the owner of the certificate of purchase only, it appears to the satisfaction of the court which ordered the property sold that any of the following subsections are applicable, the court shall declare the sale to be a sale in error:

17. That subsection (1) of the relevant portion of 35 ILCS above so states:

"….the court shall declare the sale to be a sale in error when…….(1) A voluntary or involuntary petition under the provisions of 11 U.S.C. Chapter 7, 11, 12, or 13 has been filed subsequent to the tax sale and prior to the issuance of the tax deed."

18. That Debtor has in fact filed a voluntary petition under 11 U.S.C. Chapter 13 and the filing is subsequent to the tax sale of 2016 and prior to the issuance of the tax deed, the tax deed of which currently has not been obtained.

19.      That, by its own admission, FNA 2018-1 LLC, U.S. Bank National Association does not have a Tax Deed. (Paragraph 21 of FNA 2018-1 LLC, U.S. Bank National Association's Objection to Confirmation of Chapter 13 Plan Filed on September 13, 2023 [Docket 2]).

20.      That Debtor now respectfully petitions this Court that FNA 2018-1 LLC, U.S. Bank National Association's Proof of Claim for both the secured and unsecured portions of the real estate located at 836 Central Ave., Matteson, IL 60443 be denied in light of the filing of Cook County's Proof of Claim and in light of the fact that a sale in error has occurred because under the relevant statute, FNA 2018-1 LLC, U.S. Bank National Association did not procure the tax deed prior to Debtor filing her Chapter 13 bankruptcy petition.

21.      That regarding the ability for Debtor to pay the 2022 real estate taxes and taxes going forward, Debtor submits that her expenses are not bare bones as alleged by FNA 2018-1 LLC, U.S. Bank National Association and that any shortfall between the $300 in the plan and the $500 that may be required to cover the 2022 taxes can be supplied by Debtor.

22.      That for the forgoing reasons set forth above, Debtor respectfully requests this Honorable Court to overrule FNA 2018-1 LLC, U.S. Bank National Association's Objection to Plan.

      WHEREFORE, Debtor, Cheryl L. Hartsfield, prays that this Honorable Court enter an Order overruling FNA 2018-1 LLC, U.S. Bank National Association's Objection to Confirmation of Chapter 13 Plan Filed on September 13, 2023 (Docket 2) and for such other and further relief as this Honorable Court deems proper.

Respectfully Submitted,

Dated: November 29, 2023

By:      /s/ David H. Cutler
One of the attorneys for the Debtor

Cutler & Associates, Ltd.
4131 Main St.
Skokie, IL 60076
Phone: (847) 673-8600